Robert H. Bowley, Respondent, *v.* Erie Railroad Company, Appellant.

(County Court, Orange County, December, 1910.)

Assignments — Filing and recording — Necessity — Salaries and wages. Orders — Acceptance — Operative as assignment.

> An order, by an employee of a railroad company to pay a certain sum out of his future wages, accepted by his employer, is equivalent to an equitable assignment of the wages and is subject to previous assignments of the same wages; and, if the previous assignments exhaust such wages, the holder of the later assignment cannot recover from the employer.
>
> Section 42 of chapter 45 of the Laws of 1909 (Personal Property Law) is applicable to such an assignment, and the requirement that a duly authenticated copy of the assignment be filed with the employer is satisfied by filing a copy authenticated by a letter of the assignee.
>
> The order accepted by the company having been given for an advance of money on account of salary or wages, the holder cannot recover the amount thereof from the employer without having filed with him a notice of lien as required by the same statute.

Appeal by the defendant from a judgment of seventeen dollars and eighty-two cents, entered February 25, 1910, by Daniel Holbrook, justice of the peace of Port Jervis, N. Y.

The action was brought to recover the wages of one Louis Bennett, an employee of the defendant, earned by him during the month of December, 1909. Plaintiff claims under an assignment made by Bennett to him on December 16, 1909, a copy of which he filed with defendant on December 17, 1909, together with a notice in the following language:

" Please Take Notice that I hold an assignment of the wages due one Louis Bennett, a fireman of the New York Division, for the month of December 1909, copy attached."

Watts, Oakes & Bright, for appellant.

William A. Parshall, for respondent.

Seeger, J. Among the defenses pleaded is that, on December 6, 1909, ten days before plaintiff's assignment was given, Bennett, the workman, assigned to one Harry J. Pippitt the wages earned by him during the month of December, 1909, to the extent of sixteen dollars and fifty cents. This order was filed with the defendant, December 15, 1909, the day before plaintiff's assignment was executed, and was accepted by the defendant, and the amount of wages, fourteen dollars and fifty-seven cents earned that month by Bennett, was paid to Pippitt.

The order was in the following form:

" Original watch deduction order. · $36 50/100
" Endorse and mail to division superintendent.
    " No. 1180.   Port Jervis, N. Y., 12/6 1909.
" Erie Railroad Company, pay to Inspector H. J. Pippitt or order .......... Dollars in installments as indicated hereon and deduct same from my wages. If I leave your employ voluntarily or otherwise or lay off indeterminately I authorize you to deduct whatever amount below is still unpaid, from any balance due me, and pay to said inspector.

 · " 1st pay't from Dec. wages, $16.50
" 2nd pay't from Jan. wages, $10.00
" 3rd pay't from Feb. wages, $10.00
" 4th pay't from .... wages, ....

" Case No. 7715184.   Style G. F. Mont Mov't.
" No. 13112498, Jewels 21.
                          " Louis Bennett.
        " Fire          N. Y.
    " Occupation.   Division."

The order given by Bennett to Pippitt was upon a specific fund and constituted an equitable assignment *pro tanto* of the amount of the fund (Brill v. Tuttle, 81 N. Y. 454–457; Weniger v. 14th St. Store, 191 id. 423–427) and, being prior in point of time to the plaintiff's assignment, is entitled to priority in payment out of the wages due to Bennett from the defendant; and, the amount of said wages being less than the amount of the order to Pippitt, there was no fund in the hands of the defendant which could be reached by plaintiff's assignment.

It is further claimed on the part of the appellant that the assignment to Bowley was a usurious loan and not a *bona fide* sale of the wages due to Bennett. The consideration paid by plaintiff to Bennett was twenty-five dollars, and at that time it was expected by the parties that Bennett's wages would amount to thirty-two dollars. I am not satisfied from the evidence that there was not a *bona fide* sale of the wages. It was also claimed on the part of the appellant that the transaction between plaintiff and Bennett was a loan, under an assignment of wages to be earned in the future, and belongs to that class of assignments regulated by the Personal Property Law (Laws of 1900, chap. 45, § 42), and that the assignment is void because a duly authenticated copy of the assignment was not filed with the defendant, the employer, within three days after the execution of the assignment.

The statute does not provide the manner of authentication which is required, and it would seem to me that the authentication by the letter of the plaintiff accompanying the assignment was a sufficient authentication to comply with the statute; but subdivision 2 of said section provides that " No action shall be maintained in any of the courts of this state, brought by the holder of any such contract, assignment or notes, given by an employee for moneys loaned on account of salary or wages, in which it is sought to charge in any manner the employer or employers, unless it shall appear to the satisfaction of the court that a copy of such agreement, assignment or notes, *together with a notice of lien,* was duly filed with the employer or employers of the

person making such agreement, assignment or notes, by the person * * * making said loan within three days after the said loan was made and the said agreement, assignment or notes were given."

The plaintiff's assignment, having been given for an advance of money on account of salary or wages due or to be earned in the future, comes under the provisions of this statute; and, as no notice of lien was given with the copy of the assignment, the action cannot be maintained.

Accordingly the judgment must be reversed, with costs.

*Judgment reversed.*